W. A. SOULE *vs.* HARRY L. GOODRICH.

Somerset.    Opinion July 30, 1920.

*Debt on a "fifteen day bond." R. S. Chap. 115, Sec. 15. Bond not returned to court as required by statute. Language of statute directory only, not mandatory.*

The mere fact that a fifteen day bond, given under R. S. Chap. 115, Sec. 15, is not returned to court during the pendency of the action in which it was given, is not a defence to a suit upon the bond.

The statutory requirement that the officer "shall return it (such bond) to the court or justice where the suit is pending" is directory rather than mandatory.

On report on an agreed statement.

This is an action of debt against a surety on a "fifteen day bond" executed by Frank P. Staples as principal, and W. A. Soule, the defendant, and one J. W. Currier as sureties. The bond was given to the plaintiff by the said Frank P. Staples for the purpose of releasing said Staples from an arrest upon mean process in an action of deceit, as provided in the R. S., Chap. 115, Sec. 15. The officer who took the bond failed to return it to court where the original suit was pending, until after it went to judgment. This omission constitutes the sole ground upon which the defense relies.

In the original suit plaintiff recovered judgment on the ninth day of October, 1919, for $229 as damages, and $15.75 costs of suit. Judgment for plaintiff for $244.75 with interest from October 9th 1919.

The case stated in the opinion.

*Harry R. Coolidge*, for plaintiff.

*J. Howard Haley*, for defendant.

SITTING CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, J.J

DEASY, J. Agreed statement:—Action against a surety on a "fifteen day bond" given in pursuance of R. S., Chap. 115, Sec. 15.

The statute provides that "if the officer serving the writ takes such bond he shall return it to the court or justice where the suit is pending." In this case the officer took the bond, but failed to return it as the statute requires. The bond was not filed in court until the return term of the present action when the original suit having gone to judgment was no longer pending. For this reason only, the defendant denies liability.

The statute is silent as to the effect of failure to return the bond. It is for the court to determine whether the language is directory or mandatory; whether the failure to return the bond is harmless or fatal. The test is the legislative intent which the language of the statute leaves in some degree uncertain.

It is the officer and not the plaintiff who is required to return the bond. In theory, and perhaps in fact the failure was due to the fault of the officer and not to that of the plaintiff. "Although the language of the statute is imperative such omission of duty by an officer of the court without fault of the party may be regarded as directory." *Maxcy Mfg. Co.* v. *Bowie*, 96 Maine, 435. The defendant asks the court to read into the statute a provision in effect like this: "If the officer making the arrest fails to return the bond as herein required the bond shall, by reason of such omission by the officer, and without fault shown on the part of the plaintiff become void as against the sureties."

The Legislature did not insert in the act a provision to this effect, and we think did not intend that such a result should be implied.

It is for the benefit of the creditor that such bonds are required to be returned to court, and it is undoubtedly a more or less common practice for officers to deliver them to the creditor's attorney. In respect to such bonds the creditor or his attorney may be guilty of laches so gross and prejudicial as to raise a valid defense. But no evidence of such laches appears in this case.

The case of *Robinson* v. *Williams*, 80 Maine, 267 relates to so-called six months' bonds, and *Maxcy Mfg. Co.* v. *Bowie*, 96 Maine, 435 construes the statute providing for bail bonds.

Neither of these cases is directly in point, but the reasoning of the court in both tends to support our conclusion that the statutory language now under consideration is directory and not mandatory.

*Judgment for Plaintiff for $244.75*
*with interest from Oct. 9th 1919.*